FILED
NANCE FITZPATRICK STOKES
CIRCUIT CLERK
SEP 20 2021
BY: W. Babin
DEPUTY CLERK

## IN THE CIRCUIT COURT OF PEARL RIVER COUNTY

**EDNA S. SPREHE**                                           **PLAINTIFF**

**VERSUS**                                                   **CIVIL ACTION NO.** 21-CV-146-CM

**WALMART CLAIMS SERVICES, INC.**                            **DEFENDANT**

························································································

### COMPLAINT
### Trial by Jury Requested

Comes now Plaintiff, EDNA S. SPREHE, and files this her complaint against the Defendant, WALMART CLAIMS SERVICES, INC. and in support thereof would respectfully show unto the Court the following facts to-wit:

### PARTIES

1. Plaintiff, EDNA S. SPREHE, is an adult resident citizen of Washington Parish, Louisiana.

2. Defendant, WALMART CLAIMS SERVICES, INC., (hereinafter "WALMART"), or in the alternative, an affiliate thereof, upon information and belief, is a foreign corporation, authorized to do and doing business in the State of Mississippi, with its agent for service of process being CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

### JURISDICTION AND VENUE

3. Jurisdiction and venue are proper in Pearl River County Circuit Court. The Pearl River County Circuit Court has *in personam* jurisdiction over Defendant because the negligent acts and omissions of Defendant were committed in whole or in part in the State of Mississippi.

4. Venue is proper in Pearl River County, Mississippi, pursuant to Miss. Code Ann. §11-11-3 since the alleged acts of the negligence occurred in Pearl River County.

1

# EXHIBIT A

## FACTS

5. On or about November 14, 2020, Plaintiff, EDNA S. SPREHE was a patron on the premises of WALMART, in Picayune, Mississippi.

6. At or about the time and place alleged above, Plaintiff was walking into the restroom at WALMART.

7. Plaintiff slipped and fell in water or some liquid substance on the floor of the restroom at WALMART.

8. At all material times, WALMART, through the actions of its employees, had actual or constructive knowledge of the hazardous condition in the restroom.

9. WALMART, through the actions of its employees, created the dangerous or hazardous condition.

10. The presence of the liquid substance on the floor in the restroom at WALMART presented an unreasonable risk of harm to patrons, such as Plaintiff.

11. The risk of harm was reasonably foreseeable to WALMART.

12. WALMART failed to exercise reasonable care in light of their knowledge of the hazardous condition that caused the damage alleged herein.

## NEGLIGENCE OF DEFENDANT

13. This incident was caused by the fault and negligence of the Defendant, WALMART, in the following non-exclusive respects:

   a. By failing to maintain their premises in a safe condition;

   b. By failing to warn Plaintiff of the unsafe condition;

   c. By failing to inspect the area and/or to remove such hazards;

   d. By creating the dangerous condition that injured Plaintiff;

e. By failing to remove the water or liquid substance on the floor of the restroom;

f. By failing to prevent Plaintiff from entering into what defendant knew or should have known was an unsafe area;

g. By failing to follow their policies and procedures;

h. Gross negligence and a willful, wanton and/or reckless disregard for the safety of patrons such as Plaintiff; and

i. Other acts of negligence that were the cause of this incident and will be shown at the trial of this matter.

## DAMAGES

14. Solely as a result of the negligence of the Defendant, EDNA S. SPREHE has sustained the following non-exclusive elements of damages:

a. Physical pain and suffering (past, present, and future);

b. Mental anguish (past, present, and future);

c. Loss of enjoyment of life (past, present, and future);

d. Disfigurement and disability;

e. Medical Expenses (past, present, and future);

f. Lost Wages/Earnings (past and future);

g. Loss of earning capacity; and

h. Other elements of damages developed during discovery and/or demonstrated with particularity at the trial of this matter.

## PUNITIVE DAMAGES

15. Plaintiff asserts the acts of Defendant were willful, wanton, malicious and grossly negligent. Plaintiff requests punitive damages from Defendant.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, EDNA S. SPREHE, demands judgment of and from Defendant, WALMART CLAIMS SERVICES, INC., and requests that this Honorable Court award damages against the Defendant to the Plaintiff for all past and future medical expenses, physical injuries, past pain, suffering, and mental anguish, lost earnings, travel expenses, loss of earning capacity, and other damages both general and specific, in an amount to be determined, reasonably believed to be in excess of this Court's jurisdictional minimum. Plaintiff further prays for punitive damages from the Defendant due to the willful, wanton and grossly negligent actions of the Defendant and Plaintiff prays for general relief along with all attorney's fees, costs, and expenses incurred in bringing this action, and such other equitable relief that this Honorable Court deems appropriate.

This the 7 day of September, 2021.

Respectfully Submitted:

DUDLEY DeBOSIER, P.L.C.

BY: _____
LAUREN CAVALIER, Bar Roll No. 105114
***Counsel for Plaintiff, EDNA S. SPREHE***

OF COUNSEL:

**DUDLEY DeBOSIER PLC**
1075 Government, St.
Baton Rouge, Louisiana 70802
Telephone:   (225) 478-4242
Facsimile:   (225) 478-4292
lcavalier@dudleydebosier.com