IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

EDNA S. SPREHE PLAINTIFF

VS. CIVIL ACTION NO. 1:21cv354 LG-RHWR

WALMART CLAIMS SERVICES, INC. DEFENDANT

**ANSWER AND AFFIRMATIVE DEFENSES**

COME NOW Defendants, Walmart Claims Services, Inc., the improper party and Wal-Mart Stores East, LP, the proper party ("Defendants" or "Walmart"), by and through counsel of record, and file this their Answer and Affirmative Defenses as follows:

**First Defense**

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

**Second Defense**

Defendants assert the defenses of insufficiency of process and insufficiency of service of process.

**Third Defense**

The claims alleged herein against Defendants are barred by the applicable statute of limitations.

**Fourth Defense**

In now answering the Complaint paragraph by paragraph, Defendants would state as follows:

**PARTIES**

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and, therefore, same are denied.

2. It is admitted that Walmart Claims Services, Inc., is a foreign corporation. It is denied that Walmart Claims Services, Inc., is the proper party, the proper party being Wal-Mart Stores East, LP. Any remaining allegations are denied.

**JURISDICTION AND VENUE**

3. Although the allegations of the second Paragraph 3 of the Complaint state legal conclusions to which no response is required, Defendants deny the allegations contained therein and demand strict proof thereof.

4. Although the allegations of the second Paragraph 4 of the Complaint state legal conclusions to which no response is required, Defendants deny the allegations contained therein and demand strict proof thereof.

**FACTS**

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5, and, therefore, same are denied.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6, and, therefore, same are denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

**NEGLIGENCE OF DEFENDANT**

13. The allegations of Paragraph 13, including subparagraphs (a) through (I), are denied.

**DAMAGES**

14. The allegations of Paragraph 14, including subparagraphs (a) through (h), are denied.

**PUNITIVE DAMAGES**

15. Denied.

The allegations in the unnumbered paragraph following Paragraph 15 and beginning "WHEREFORE," are denied. Defendants specifically deny that the Plaintiff is entitled to judgment, for past and/or future medical expenses, physical injuries, past pain, suffering and mental anguish, lost earnings, travel expenses, loss of earning capacity, and/or other general and specific damages and/or to punitive damages or any damages of any kind whatsoever or for any sum.

**Fifth Defense**

The injuries and damages alleged by the Plaintiff are the result, in whole or in part, of the negligence of third parties for which Defendants are not responsible.

**Sixth Defense**

The injuries and damages alleged by the Plaintiff are the result, in whole or in part, of the negligence of the Plaintiff for which Defendants are not responsible. Walmart asserts the provisions and protections of Miss. Code Ann. § 11-7-15 (1972).

**Seventh Defense**

The injuries and damages alleged by the Plaintiff are the result in whole or in part to pre-existing conditions, for which Defendants are not responsible.

**Eighth Defense**

Plaintiff failed to mitigate her damages and is accordingly barred from recovery to the extent of the failure to mitigate.

**Ninth Defense**

Pursuant to the laws of the State of Mississippi, Walmart is entitled to apportionment of liability for third parties whose acts in whole or in part caused the alleged damages and injuries of the Plaintiff.

**Tenth Defense**

Defendants affirmatively plead Miss. Code Ann. § 85-5-7.

**Eleventh Defense**

Defendants seek all remedies and protections provided to it pursuant to Miss. Code Ann. §§ 11-1-60, 11-1-63 and 11-1-65.

**Twelfth Defense**

Plaintiff failed to obtain in personam jurisdiction.

**Thirteenth Defense**

The Plaintiff assumed the risk, if any, which may have existed.

**Fourteenth Defense**

Defendants reserve all defenses, including Rule 12(b) defenses and Rule 8(c) of the Mississippi Rules of Civil Procedure, which may be available to them.

**Fifteenth Defense**

Plaintiff's alleged damages resulted from new and independent, unforeseeable, superseding and/or intervening causes unrelated to any conduct of Defendants.

**Sixteenth Defense**

The Complaint fails to name indispensable parties.

**Seventeenth Defense**

Defendants object to the venue and to the jurisdiction of this Court over the subject matter and over the person and/or property of Defendants.

**Eighteenth Defense**

Any alleged danger was open and obvious to the Plaintiff.

**Nineteenth Defense**

Defendants had no notice, either actual or constructive, of any alleged dangerous condition and no opportunity to cure the same, if indeed such a dangerous condition existed, which is denied.

**Twentieth Defense**

Defendants would show that any injuries sustained by Plaintiff were the result of an unavoidable accident.

**Twenty-first Defense**

Defendants would show that Plaintiff was negligent by failing to exercise reasonable care at the time of the alleged accident resulting in the alleged injuries to Plaintiff.

**Twenty-second Defense**

Walmart pleads all protections afforded by the "Landowner's Protection Act."

**Twenty-third Defense**

Plaintiff's Complaint fails to state a claim or cause of action for punitive damages upon which relief can be granted.

**Twenty-fourth Defense**

Walmart avers that any award of punitive damages to the Plaintiff in this case would be in violation of the constitutional rights and safeguards provided to Walmart under the Constitution of the State of Mississippi and the Constitution of the United States of America including, without limitation, that there are no constraining limitations placed on a jury's discretion in considering the imposition or amount of punitive damages, there are no meaningful trial court and appellate review mechanisms to constitutionally confirm any punitive damage award, and imposition would allow a verdict tainted by passion and prejudice.

**Twenty-fifth Defense**

Imposition of punitive damages in this case would constitute a violation of Walmart's constitutional rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

**Twenty-sixth Defense**

Any award of punitive damages in this case would violate the constitutional rights and safeguards provided to Walmart under the Due Process Clause of the Fourteenth Amendment and/or Fifth Amendment to the Constitution of the United States of America and/or under the Due Process Clause of Article III, Section 14 of the Constitution of the State of Mississippi in that punitive damages and any method by which they might be assessed are unconstitutionally vague and not rationally related to legitimate government issues. If consideration of punitive damages is to be allowed, then the standard for proving the same, as provided in Miss. Code Ann. §§11-1-63 and 11-1-65 (Supp. 1993), must be by clear and convincing evidence.

**Twenty-seventh Defense**

The procedure and/or standards governing imposition of punitive damages are impermissible, vague, arbitrary, improper and/or violate the Due Process Clause of the Fourteenth Amendment and/or the Fifth Amendment of the Constitution of the United States and/or Article III, Section 14 of the Constitution of the State of Mississippi.

**Twenty-eighth Defense**

Any award of punitive damages in this case would violate the procedural and/or substantive safeguards provided to Walmart under the Fifth, Sixth, Eighth and/or Fourteenth Amendments to the Constitution of the United States and/or under Article III, Sections 14 and 26 of the Constitution of the State of Mississippi, in that punitive damages are penal in nature and, consequently, Defendants are entitled to the same procedural and substantive safeguards afforded to criminal defendants.

**Twenty-ninth Defense**

It violates the rights and safeguards guaranteed by the Constitution of the United States of America and/or the Constitution of the State of Mississippi to impose punitive damages against Walmart which are penal in nature by requiring a burden of proof on the Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases in this state, and less than a unanimous jury verdict.

**Thirtieth Defense**

Walmart avers that any award of punitive damages to the Plaintiff in this case will violate the Eighth Amendment to the Constitution of the United States and/or Article III, Section 28 of the Constitution of the State of Mississippi in that said punitive damages would be an imposition of an excessive fine.

**Thirty-first Defense**

The imposition of punitive damages in this case measured by wealth of Walmart would constitute an impermissible punishment of status.

**Thirty-second Defense**

It would be unconstitutional to award any punitive damages as such would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article III, Section 14 of the Mississippi State Constitution in that:

(A) Said damages are intended to punish and deter Walmart and thus this proceeding is essentially criminal in nature;

(B) Walmart is being compelled to be a witness against itself in proceedings essentially and effectively criminal in nature, in violation of their right to due process;

(C) The Plaintiff's burden of proof to establish punitive damages in this proceeding, effectively criminal in nature, is less than the burden of proof required in other criminal proceedings, and thus violates Walmart's right to due process; and

(D) That inasmuch as this proceeding is essentially and effectively criminal in nature; Walmart is being denied the requirement of notice of the elements of the offense, and the law and authorities authorizing punitive damages are so vague and ambiguous they are in violation of the Due Process Clause of the Fifth Amendment and/or the Fourteenth Amendment of the United States Constitution and also in violation of Article III, Section 14 of the Constitution of the State of Mississippi.

**Thirty-third Defense**

The awarding of disproportionate judgments against defendants who commit similar offenses resulting in similar injury, who differ only in material wealth, constitutes an arbitrary and

invidious discrimination prohibited by the equal protection clauses and rights of Walmart under the Fourteenth Amendment to the Constitution of the United States.

**Thirty-fourth Defense**

Pursuant to the decision of the United States Supreme Court in Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 421 (2001), Plaintiff is not entitled to a jury trial on any inquiry as to an award of punitive damages at trial of this matter and a motion to strike jury demand as to punitive damages is hereby made.

**Thirty-fifth Defense**

Plaintiff's claim for punitive damages is limited by the constitutional rulings and guidelines set forth in the case of State Farm v. Campbell 123 S.Ct. 1513, 2003.

**Thirty-sixth Defense**

Walmart would show that the Plaintiff's claims, to the extent there are any, for and the imposition of punitive damages in this case would violate the Constitution of the United States, including, but not limited to, Article I, Section X, and the Fifth, Sixth, Eighth and Fourteenth Amendments, and the Constitution of the State of Mississippi, including, but not limited to, Article III, Sections 14, 16, 24 and 28.

Accordingly, Defendants Walmart Claims Services, Inc. and Wal-Mart Stores East, LP demand that the Complaint be dismissed with all costs assessed to the Plaintiff.

**DEFENDANTS DEMAND TRIAL BY JURY**

Respectfully submitted, this the 17th day of November, 2021.

WALMART CLAIMS SERVICES, INC.
WAL-MART STORES EAST, LP

By: /s/ Thomas L. Louis
Thomas M. Louis (MSB No. 8484)
Rajita Iyer Moss (MSB No. 10518)

OF COUNSEL:

WELLS MARBLE & HURST, PLLC
POST OFFICE BOX 131
JACKSON, MISSISSIPPI 39205-0131
TELEPHONE: (601) 605-6900
FACSIMILE: (601) 605-6901
tlouis@wellsmar.com
rmoss@wellsmar.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was filed using the court's ECF system, which should have automatically emailed a copy to:

Lauren Cavalier
Dudley DeBosier, PLC
1075 Government Street
Baton Rouge, LA 70802

This, the 17th day of November, 2021.

/s/ Thomas M. Louis
Thomas M. Louis